## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAURA WATSON                          :
                                      :
               **Plaintiff**          :
                                      :
v.                                    :    **3:09-CV-294**
                                      :    **(JUDGE MARIANI)**
BOROUGH OF SUSQUEHANNA, et al.,       :
                                      :
                                      :
               **Defendants**         :

## MEMORANDUM OPINION

### Introduction

Before the Court are the parties' Motions in Limine (Docs. 60, 65) and Plaintiff's oral

objections to items 3, 4, 21, and 22 of Defendants' trial exhibit list.  For the reasons that

follow, the Court will grant Plaintiff's motion to exclude references to post-termination bad

acts by Plaintiff and will deny without prejudice her motion to exclude references to bad acts

prior to the incidents of September 10, 2008.  The Court also will deny without prejudice

Defendants' motion to preclude Plaintiff from questioning witness Glenn Collier about his

own lawsuit against the Borough of Susquehanna Depot and will grant Defendants' motion

to preclude witness Dr. Mary Elizabeth Sochack from testifying as an expert witness.  In

addition, the Court will conditionally allow Dr. Sochack to testify as a fact witness provided

Plaintiff can establish causation independent of Dr. Sochack's testimony.  Further, the Court

will preclude Defendants from introducing exhibits 3 and 4 at trial but will permit 21 and 22

because Defendants' failure to produce these exhibits during discovery was harmless error.

## Plaintiff's Motion in Limine (Doc. 60)

Plaintiff moves to preclude references to bad acts occurring before the events of

September 10, 2008 when an altercation broke out between Plaintiff and Ann Stewart,

which Defendants have maintained throughout the course of this case was the primary

reason for Plaintiff's termination. Plaintiff's termination letter dated September 18, 2008 did

not set forth the reasons for her termination (Watson Dep., Doc. 37, Ex. A, 126:2-127:12),

and Defendants have presented only deposition testimony as to the causes for Plaintiff's

termination (Stewart Dep., Doc. 28, Ex. B, 75:24-78:19; Matis Dep., Doc. 28, Ex. E, 7:25-

8:3, 20:7-15; Perry Jr. Dep., Doc. 28, Ex. F 25:22-25), which Plaintiff obviously disputes.

Defendants wish to introduce written reprimand reports dated November 9, 2007

(Doc. 64, Ex. 27), January 10, 2008 (Doc. 64, Ex. 28), and January 17, 2008 (Doc. 64, Ex.

29). Plaintiff cites *Rainey v. Am. Forest and Paper Ass'n, Inc.*, 26 F. Supp. 82 (D.D.C.

1998) for the proposition that Defendants are bound by the FED. R. CIV. P. 30(b)(6)

deposition testimony of the Borough's designees, precluding the introduction of any

evidence that there were additional reasons for Plaintiff's discharge. Though *Rainey* does

imply that Defendants should be bound by deposition testimony that the reason for Plaintiff's

termination was solely because of her altercation with Stewart, other cases have concluded

otherwise. *See A.I. Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 637 (7th Cir. 2001)

(finding that two other district courts that reached the opposite conclusion of the court in

*Rainey* espoused the "sounder view."). Addressing the same argument that Plaintiff is

asserting, the court in *A.I. Credit Corp.* stated that the defendants "apparently construe[] the Rule as absolutely binding a corporate party to its designee's recollection unless the corporation shows that contrary information was not known to it or was inaccessible. Nothing in the advisory committee notes indicates that the Rule goes so far." *Id.* This Court agrees and will not preclude the written reprimands on the basis that the Rule 30(b)(6) depositions bound Defendants to a single basis for Plaintiff's termination.

However, because the evidence is unclear as to what the Borough Council members considered when they voted to terminate Plaintiff's employment, the Court cannot rule on this motion at this time. Therefore, the Court will deny Plaintiff's motion without prejudice and allow Plaintiff to re-raise the objection at trial. However, for these reprimand reports to be admissible, Defendants must lay a proper foundation to show that at least a majority of the seven Council members at the time (Doc. 64, at 3) were made aware of and relied on the above reprimand reports in deciding to terminate Plaintiff's employment.

Plaintiff further moves to preclude references to post-termination bad acts with respect to her subsequent employment. Specifically, she moves to preclude evidence regarding her work history at Dress for Success in March 2010 (a year-and-a-half after Plaintiff's termination from the Borough) and Angela Seibert's supporting testimony. Because this evidence is irrelevant to Plaintiff's case, would be impermissible character evidence under FRE 404(b), and does not establish habit that would render it admissible under FRE 406, the Court will grant Plaintiff's motion.

## Defendants' Motion in Limine (Doc. 65)

Defendants move to preclude Plaintiff from questioning Glenn Collier about his pending lawsuit against the Borough. In their Brief in Support (Doc. 68), however, they cite no case law or provide the Court with a reason to prevent this line of questioning, other than concluding it is irrelevant. Because the motion is not briefed fully, the Court does not know on what basis it can prevent Plaintiff from questioning Defendants' witness in the manner Defendants anticipate she will. Therefore, the Court denies the motion without prejudice.[1]

Finally, Defendants move to preclude Dr. Mary Elizabeth Sochack from testifying as an expert witness on Plaintiff's behalf because she "has not been identified as an expert witness nor has an expert report authored by Dr. Sochack been submitted in this matter." (Doc. 65, ¶ 6; Doc. 68, at 2). Plaintiff concedes this point but asserts that Dr. Sochack will be used as a fact witness only. (Doc. 76 at 4). To the extent Plaintiff does not oppose Defendants' motion to preclude Dr. Sochack from testifying as an expert witness, Defendants' motion is granted.

Defendants did not move to preclude Dr. Sochack from testifying at all, but only as an expert. The Court cautions that because Dr. Sochack is not a qualified expert witness, Plaintiff must independently establish causation between her workplace problems and her alleged injuries. In addition, the Court expresses no opinion as to the relevance of Dr. Sochack's testimony as a fact witness in light of the Court's inherent authority to exclude

---

[1] Defendants' motion may be moot if Mr. Collier does not appear to testify. On April 20, 2012, Attorney Pollick submitted evidence that Mr. Collier might not obey her subpoena to appear at trial as a witness. (Doc. 71, Att. 1). Attorney Murphy confirmed that he had received the same notice from Mr. Collier. (Doc. 74).

4

irrelevant evidence *sua sponte*,[2] *DeSanto v. Rowan Univ.*, 224 F. Supp. 2d 819, 830 (D.N.J. 2002),[3] and *Ferris v. Pennsylvania Fed'n Bhd. of Maint. of Way Emps.*, 153 F. Supp. 2d 736, 744, n.5 (E.D. Pa. 2001).[4]

## Plaintiff's Objections to Defendants' Exhibit List

At the pre-trial conference, Plaintiff's counsel orally objected to items 3, 4, 21, and 22[5] of Defendants' exhibit list because they had not been produced during discovery. Defendants' counsel said he would check to see whether they had ever been produced. In a letter to the Court dated April 19, 2012, Defendants' counsel acknowledged that these four items inadvertently had not been produced during discovery, but he was "agreeable to excluding Exhibits 3 and 4" because he did not need them at trial. (Doc. 70). Therefore, the Court will preclude Defendants from introducing Exhibits 3 and 4 at trial.

---

[2] *See* FED. R. EVID. 401, 402; *see also United States v. Clarke*, 390 F. Supp. 2d 131 (D. Conn. 2005).

[3] In ruling on a motion in limine, the court said:

A treating physician does not need to be qualified as an expert, pursuant to FED. R. EVID. 702, if he or she is only called as a fact witness, to establish diagnosis or treatment. *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 159 n.8 (3d Cir. 1999). Therefore, it would be permissible for DeSanto to call Dr. Friedlin as a fact witness . . . . DeSanto, however, has failed to identify any qualified expert who can establish that Defendants' conduct proximately caused DeSanto's medical problems. Without such expert testimony to demonstrate the link between Defendants' conduct and DeSanto's medical condition, the mere fact of DeSanto's medical condition is not relevant, and, may not be admitted into evidence.

[4] The court there said:

Dr. Stoner is the only expert offered to testify as to Ferris's alleged injuries. As discussed *supra*, he is not qualified to give testimony as to causation and his causation testimony is unreliable. As there is no other qualified expert testimony as to causation, any 'other reliable testimony' Dr. Stoner could offer—regarding his examination and treatment of Ferris—is irrelevant.

[5] Plaintiff's counsel also objected to exhibits 9 and 11, alleging that they were different from the exhibits produced to her during discovery. However, the Court is without a basis to rule on this objection, so it will not address it at this time.

However, counsel for Defendants wished to introduce Exhibits 21 and 22 and argued

that Plaintiff would not suffer any prejudice because the exhibits at issue (e-mails between

councilmen concerning the altercation between Plaintiff and Ann Stewart on September 10,

2008) were "consistent with the defenses raised by Defendants throughout discovery." (*Id.*).

FED. R. CIV. P. 26(e) says:

> A party is under a duty seasonably to amend a prior response to an
> interrogatory, request for production, or request for admission if the party
> learns that the response is in some material respect incomplete or incorrect
> and if the additional or corrective information has not otherwise been made
> known to the other parties during the discovery process or in writing.

Defendants having admitted that the exhibits were not properly disclosed during

discovery, the Court must conduct a Rule 37(c)(1) harmless error analysis.

> A party that without substantial justification fails to disclose information
> required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery
> as required by Rule 26(e)(2), is not, *unless such failure is harmless*, permitted
> to use at a trial, at a hearing, or on a motion any witness or information not so
> disclosed.

FED. R. CIV. P. 37(c)(1) (emphasis added).  The Third Circuit has provided guidance when a

district court must decide whether exclusion of evidence would be proper in these cases.

> In considering whether the exclusion of evidence is an appropriate sanction
> for failure to comply with discovery duties, we must consider four factors: (1)
> the prejudice or surprise of the party against whom the excluded evidence
> would have been admitted; (2) the ability of the party to cure that prejudice;
> (3) the extent to which allowing the evidence would disrupt the orderly and
> efficient trial of the case or other cases in the court; and (4) bad faith or
> wilfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000). Applying these factors to the case at hand, the Court concludes that the failure to produce Exhibits 21 and 22 was harmless error. Plaintiff should not be prejudiced by the introduction of these exhibits because they are consistent with the defense Defendants have proffered throughout discovery. Allowing these two exhibits to be used at trial would not disrupt the orderly and efficient trial of the case, and absent evidence of it, the Court is not willing to find Defendants acted in bad faith in failing to produce these exhibits during discovery, especially because Defendants have complied with all other obligations during the course of this case.

Therefore, the Court will permit Defendants to use Exhibits 21 and 22 at trial.

## Conclusion

In summary, the Court grants in part and denies in part Plaintiff's Motion in Limine (Doc. 60) and will preclude references to Plaintiff's employment, including her termination, at Dress for Success as irrelevant, but will allow Defendants to introduce the written reprimands against Plaintiff provided they can establish a proper foundation that a majority of council members were made aware of and relied upon such evidence when they decided to terminate Plaintiff's employment with the Borough.

Additionally, the Court grants in part and denies in part Defendants' Motion in Limine (Doc. 65) and will preclude Dr. Sochack from testifying as an expert witness

but denies Defendants' motion to preclude Plaintiff from questioning Glenn Collier about his own lawsuit against the Borough. Furthermore, Dr. Sochack may testify as a fact witness provided that Plaintiff can establish a causal link between Plaintiff's alleged injuries and her troubles at work independent of Dr. Sochack's testimony. The Court expresses no opinion at this time as to the relevance of Dr. Sochack's testimony as a fact witness.

Finally, the Court will preclude Exhibits 3 and 4 from introduction at trial, but will allow Exhibits 21 and 22 because Defendants' failure to produce them during discovery was harmless error.

Robert D. Mariani
United States District Judge